out something never made before, and extremely useful in that particular contingency. I think he did. For that reason it seems to me that I ought not to upset the conclusion of the examiner that this was a good invention. It may have a very limited life; when the price of leather falls again it may go out altogether, but, in my judgment, it took more than an everyday imagination to perceive the opportunity that the trade offered, and to meet it, as he has alone been able to meet it.

In making his invention he was undoubtedly very happily placed, because he was familiar with the kindred art of rolling of cotton and cambric bindings in a very similar way; but for one reason or another (just what it is impossible now to say) he was the first, and he alone thought of the modification which answered the needs of the moment. That, I think, is sufficient for invention.

Plaintiff may therefore take a decree, with costs, and the decree will be on all claims.

---

### KNEE v. KARMIN et al.

(Circuit Court of Appeals, Second Circuit. May 11, 1921.)

No. 205.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Louis Knee against Max Karmin and David H. Flanzer. Decree for complainant (274 Fed. 720), and defendants appeal. Affirmed.

Barnett E. Kopelman, of New York City (Joseph G. M. Browne, of New York City, of counsel), for appellants.

T. F. Bourne, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Decree affirmed.

---

### UNITED STATES v. REED.

(District Court, E. D. New York. July 1, 1921.)

1. **Customs duties** ☞129—**Master of vessel not subject to penalty for failure to manifest contraband articles.**

    The master of a vessel is not subject to the penalty imposed by Rev. St. § 2809 (Comp. St. § 5506), for bringing into the United States merchandise not shown on his manifest because of the landing from his vessel of smoking opium, not shown in the manifest, and the importation of which is prohibited by Act Feb. 9, 1909 (Comp. St. §§ 8800, 8801).

2. **Customs duties** ☞129—**"Merchandise" in collection statutes does not include contraband articles.**

    The word "merchandise," as used in Rev. St. § 2809 (Comp. St. § 5506), imposing a penalty on the master of a vessel for bringing into the United States merchandise not shown on his manifest, is limited in meaning to "goods, wares and chattels * * * capable of being im-